UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

CAIN NICHOLAS JONES, #1114815

    *Petitioner*,

v.      Civil Action No. 2:10cv521

HAROLD W. CLARKE,
Director of the Virginia Department of
Corrections,

    *Respondent*.

## REPORT AND RECOMMENDATION

This matter was initiated by petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72(b) of the Federal Rules of Civil Procedure.

## FACTUAL AND PROCEDURAL HISTORY

Petitioner Cain Nicholas Jones ("Jones") states that on November 16, 2009, in the Circuit Court of the City of Virginia Beach, Virginia, he was convicted of multiple counts of grand larceny, burglary, conspiracy, and the possession of burglary tools. He pled guilty and was sentenced to 141 years of incarceration with all but 19 suspended, and is currently being held in the St. Brides Correctional Center in Chesapeake, Virginia. (ECF No. 1 at 1). Jones appealed his conviction to the Court of Appeals of Virginia. Id. at 2.

Through his counsel, Jones contended in his appeal that the trial court abused its discretion by imposing an excessive sentence.[1] (ECF No. 12-2 at 4-5). The Court of Appeals,

---

[1] Jones's counsel also moved for leave to withdraw in his petition for appeal (which was subsequently granted), after raising only the issue of the excessive sentencing. Jones proceeded pro se thereafter, filing supplemental petitions for appeal that the Court of Appeals also considered in rendering its decision.

1

however, determined the trial judge did not abuse his discretion in imposing the sentences because they fell within acceptable ranges established by the legislature. (ECF No. 1-1 at 2). Citing to Belcher v. Commonwealth, 17 Va. App. 44, 45, 435 S.E.2d 160, 161 (1993), the court observed that sentencing guidelines operate merely as an aid to help the judge determine the appropriate remedy. Id. The court went on to explain that in determining such a remedy, the trial court may consider any mitigating evidence offered by the appellant, and as such, the sentences imposed in this case against Jones were not excessive.

Jones, in his pro se supplemental petitions for appeal, raised eleven due-process claims, contended that he was denied the effective assistance of counsel, and that his guilty pleas were the product of duress. Id. The Court of Appeals dismissed the due-process claims because they were not argued before the trial court. Id. The court also dismissed Jones's claim of ineffective counsel because such claims cannot be raised on direct appeal. Id. Lastly, the court dismissed Jones's contention that his guilty pleas were made under duress because Jones was given ample opportunity in the trial court to understand the ramifications of pleading guilty and made an informed decision to do so. Id. at 3. The Court of Appeals denied the petitions for appeal on September 13, 2010. Id. at 4. Jones made no further appeal to the Supreme Court of Virginia. (ECF No. 1 at 2).

On October 12, 2010, Jones, proceeding pro se, submitted this petition for habeas relief, which was conditionally filed on October 19, 2010. In it, Jones asserts the following grounds for relief:

a) That he was denied the effective assistance of counsel because an "unknown attorney hired by the court made [a] motion to withdraw" and he proceeded pro se.

b) That the Court of Appeals wrongfully denied his petition for appeal on the mistaken belief that he pled guilty to all charges against him, when in fact he argued several

2

issues raised by the Commonwealth at the plea hearing and did not stipulate to the evidence. Thus, he was denied a fair hearing.

c) That his guilty pleas were made under duress and his request to reverse his pleading at sentencing was refused by his attorney.

d) That he was under the assumption, after extensive argument with his attorney (leading to a feeling of intimidation), that if he pled guilty his sentence would be within the guidelines.

e) That he was denied various due-process rights.

After preliminary orders, Jones's motion to proceed in forma pauperis was granted on November 24, 2010, and respondent filed a Rule 5 Answer and Motion to Dismiss, along with a brief in support. (ECF No. 7 at 1). In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and Local Rule 7(K), Jones was given an opportunity to respond to respondent's Motion to Dismiss with any material he wished to offer in rebuttal. Jones filed no rebuttal and the time for responding has now expired. Accordingly, respondent's Motion to Dismiss is ripe for judicial review.

## ANALYSIS

Habeas petitions filed pursuant to 28 U.S.C. § 2254 challenge a state's custody over a petitioner on the grounds that such custody violates the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Before applying for federal habeas relief, however, a petitioner must first exhaust the remedies available in state court or demonstrate the absence or ineffectiveness of such remedies. 28 U.S.C. § 2254(b)(1). Therefore, before a state prisoner can apply for federal habeas relief, he must first give the state court an opportunity to consider alleged constitutional errors occurring in his trial and sentencing. Breard v. Pruett, 134 F. 3d 615, 619 (4th Cir. 1998). In other words, "[t]o satisfy the exhaustion requirement, a habeas

3

petitioner must fairly present his claim to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997); see Picard v. Connor, 404 U.S. 270, 275-76 (1971).

By his own admission in his Petition for Writ of Habeas Corpus, Jones has not appealed his case past the Court of Appeals, thereby denying the Supreme Court of Virginia the opportunity to consider any of his claims. (ECF No. 1 at 2). Jones has also not filed any state habeas proceedings. Id. As such, none of his claims have been exhausted.

The Court of Appeals of Virginia denied Jones's petitions for appeal on September 13, 2010. His ability to file with the Supreme Court of Virginia expired 30 days later. Sup. Ct. Va. R. 5:9(a). However, Jones is not yet barred from seeking state habeas relief. See Va. Code § 8.01-654(A)(2). In Rose v. Lundy, 455 U.S. 509, 522 (1982), the United States Supreme Court held that "because a total exhaustion rule promotes comity and does not unreasonably impair the prisoner's right to relief . . . a district court must dismiss habeas petitions containing both unexhausted and exhausted claims." The requirement itself, the Court explained, is intended to protect the state court's autonomy in enforcing federal law while preventing the "disruption of state judicial proceedings." Id. at 518. As all of Jones' claims are unexhausted and he is not yet precluded from presenting them to the Supreme Court of Virginia, the appropriate remedy is dismissal without prejudice. Slayton v. Smith, 404 U.S. 53 (1970).

## RECOMMENDATION

By his failure to present any of his claims to the Supreme Court of Virginia, Jones has not exhausted all available state remedies. Accordingly, for the reasons expressed above, the undersigned recommends that Jones's petition for writ of habeas corpus under 28 U.S.C. § 2254 be denied and the matter dismissed without prejudice.

## REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this Report to the objecting party, 28 U.S.C. § 636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk shall mail a copy of this Order to the petitioner and to counsel of record for the respondent.

/s/ Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

May 10, 2011

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Cain Nicholas Jones, #1114815
Bldg. 360-B-Bd. 24-B
St. Brides Correctional Center
P. O. Box 16482
Chesapeake, VA 23328

Alice Theresa Armstrong
Office of the Attorney General
900 E. Main Street
Richmond, VA 23219

Fernando Galindo,
Clerk of Court

By: _____
Deputy Clerk

May 10, 2011